Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JOSÉ CRISTÓBAL DE HOYOS DORIS ELIZABETH REYES GONZÁLEZ <br><br> Apelantes <br><br> V. <br><br> MUNICIPIO AUTÓNOMO DE BAYAMÓN, COMPAÑÍA XYZ <br><br> Apelados | KLAN202401010 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso Núm.: BY2024CV01286 (402) <br><br> Sobre: Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

El 12 de noviembre de 2024, compareció ante este Tribunal de Apelaciones, el señor José Cristóbal De Hoyos (en adelante, señor Cristóbal De Hoyos) y la señora Doris E. Reyes González (en adelante, señora Reyes González, y en conjunto, parte apelante), mediante *Apelación Civil*. Por medio de esta, nos solicita que revisemos la *Sentencia* emitida el 6 de septiembre de 2024, y notificada el 10 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* desestimó la *Demanda* presentada por la parte apelante al amparo de la Regla 10.2 de Procedimiento Civil.

Por los fundamentos que adelante se esbozan, se confirma el dictamen apelado.

### I

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre daños y perjuicios, presentada el 6

de marzo de 2024 por la parte apelada, en contra del Municipio Autónomo de Bayamón (en adelante, Municipio o parte apelada). Alegó que, el Municipio le había expropiado 2,222 metros cuadrados de su propiedad para la construcción de la Avenida Caridad del Cobre. Sostuvo que, por dicho predio, el Municipio le había pagado una compensación de $70.00 por metro cuadrado de terreno. Asimismo, acotó que, luego de la expropiación, la finca quedó dividida en dos, y quedó un solar de 2,567.8292 metros cuadrados dentro de la urbanización Alturas de San Souci. Añadió que, había intentado vender dicho predio, pero le había sido imposible debido a que el Municipio había cambiado su zonificación de R-1 a D-TP, que significaba zonificación de uso público. De igual manera, la parte apelante arguyó que, el cambio de zonificación constituyó una expropiación del terreno, debido a que no podía utilizarlo, ni venderlo por motivo de que estaba destinado para uso público. De las alegaciones de la *Demanda* se desprende que la parte apelante le notificó al Municipio lo anterior, y que este, a través del licenciado Carlos Santiago, Director de la División Legal, le hizo una oferta de $200,000.00. Empero, posteriormente, al momento de otorgar la escritura, el Municipio le notificó que le iba a pagar la cantidad de $115,000.00. Igualmente, la parte apelante alegó que, el Municipio se había negado de manera temeraria a compensarle por su terreno y que, había pretendido pagar un precio que no es el valor justo por la propiedad. A tales efectos, le solicitó al foro de primera instancia que declarara Ha Lugar la *Demanda* y le ordenara al Municipio el pago por daños ascendentes a una cantidad no menor de $572,887.56.

Posteriormente, el Municipio presentó la *Moción para Solicitar una Exposición más Definida de la Demanda.* Mediante esta, expresó que, las alegaciones de la *Demanda* adolecían de vaguedad y falta de especificidad, toda vez que, no colocaban en posición al Municipio

de poder llevar a cabo una investigación adecuada sobre los hechos alegados en esta. Le solicitó al foro primario que le ordenara a la parte apelante a realizar una exposición más definida de los hechos alegados en la *Demanda.*

En respuesta a tal petición, la parte apelante presentó la *Demanda Enmendada*, en la que, en esencia, reiteró lo alegado en la *Demanda*, e hizo alusión a que el proceso de expropiación surgía del caso KEF2001-0480. Explicó que, luego del proceso de expropiación, su finca quedó divida en dos, quedando un solar de 2,567.8292 metros cuadrados dentro de la urbanización San Souci en Bayamón, que quedó inscrita como la finca número 82,177 del Registro de la Propiedad de Bayamón, Sección Segunda. Aseguró que, el alegado cambio de zonificación le impidió vender su terreno y que, el no poder hacerlo le ocasionó daños emocionales y angustias mentales. Finalmente, reiteró los remedios solicitados inicialmente.

El 18 de junio de 2024, el foro de primera instancia emitió *Orden* donde dio por enmendada la *Demanda*.

Así las cosas, la parte apelada presentó la *Moción de Desestimación*. En su moción, sostuvo que, la *Demanda* no exponía una reclamación que justificara la concesión de un remedio, ya que, la causa de acción de daños y perjuicios alegada, estaba prescrita por haber sido presentada fuera del término prescriptivo de un año desde que terminó el periodo de ocho (8) años de afectación de los terrenos. De igual manera, añadió que, entendía que el foro *a quo* carecía de jurisdicción sobre el Municipio, debido a que la parte apelante no había cumplido con el requisito jurisdiccional de notificar al Municipio su intención de reclamar en su contra dentro del término jurisdiccional de noventa (90) días desde conocerse el alegado daño, conforme ordena la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la Ley de Municipios

Autónomos de Puerto Rico[1]. El Municipio, expresó haber cumplido con el requisito establecido para que la Revisión Integral del Plan de Ordenamiento Territorial entrara en vigencia, con la aprobación de la Legislatura Municipal, su adopción por la Junta de Planificación y su aprobación por el Gobernador. Explicó, además, que la Ley Núm. 46 del 26 de junio de 1987, conocida como la *Ley para la Afectación de Terrenos para Fines Públicos*, establecía un término de ocho (8) años como el máximo de tiempo para la afectación de una propiedad privada por parte del Estado, contados a partir de la fecha de afectación. Bajo el anterior fundamento, sostuvo que, debido a que el periodo de ocho (8) años de afectación de la propiedad comenzó el 13 de marzo de 2010 y concluyó el 12 de marzo de 2018, la parte apelante contaba hasta el 12 de marzo de 2019 para presentar su causa de acción de daños y perjuicios. Cónsono con lo anterior, argumentó que, debido a que la parte apelante presentó la demanda el 6 de marzo de 2024, la acción estaba prescrita y procedía la desestimación de la *Demanda*.

Por otro lado, la parte apelante presentó la *Oposición a Moción de Desestimación*. Adujo que, para el mes de junio de 2023, se encontraba en negociaciones con el Municipio para adquirir el terreno objeto de la controversia. Añadió que, tales negociaciones tuvieron lugar por motivo de las múltiples reclamaciones que la parte apelante había presentado ante el Municipio en el transcurso de los años. Sostuvo que, le cursó al Municipio varias misivas donde reclamó la justa compensación por el efecto del cambio de calificación de su predio. Asimismo, indicó que, como resultado de las aludidas reclamaciones, el Municipio le ordenó la preparación de un Informe de Valoración de la Propiedad el 28 de enero de 2023, y que dicha actuación era un reconocimiento de la intención de

---

[1] Derogada, pero vigente al momento del cambio de zonificación.

compensar adecuadamente a la parte apelante por los daños sufridos. La parte apelante argumentó que, el hecho de que el Municipio reconoció su acreencia en las negociaciones, sin levantar la defensa de prescripción era una aceptación de esta, y que por ende, el término de prescriptivo quedaba novado. Por otro lado, la parte apelante aseguró que, la Ley Núm. 46-1987, *infra*, establece que el punto de partida para calcular los ocho años es la fecha de la aprobación del Mapa de Calificación por la Junta de Planificación. Bajo lo anterior, acotó que, el Mapa de Calificación fue aprobado el 20 de diciembre de 2012, y que, había cursado la primera carta reclamándole al Municipio el 1ro de noviembre de 2021, antes de que transcurriera el término de ocho (8) años.

Finalmente, la primera instancia judicial emitió la *Sentencia* cuya revisión nos ocupa, donde declaró Ha Lugar la *Moción de Desestimación*, al amparo de la Regla 10.2 de Procedimiento Civil. El Tribunal de Primera Instancia esbozó las siguientes determinaciones de hechos:

1. El 6 de marzo de 2024 la parte demandante presentó la demanda de epígrafe sobre daños y perjuicios. Alega, en síntesis, que sufrió daños y perjuicios por un cambio de zonificación de su propiedad finca (82,177) de R-1 a D-TP.

2. Lo anterior debido a que, conforme al Primer Plan Territorial del Municipio de Bayamón para año 1996, el predio objeto de la controversia se catalogó como RU-2 (Residencial Urbano 2), pero posteriormente, en la Primera Revisión al Plan de Ordenación Territorial del año 2010, el predio se designó como DT-P.

3. El Municipio de Bayamón comenzó un proceso de Revisión Integral al Plan de Ordenamiento Territorial de 1996 para el año 2002.

4. Durante dicho proceso de Revisión integral al Plan de Ordenamiento Territorial, el Municipio publicó las invitaciones a las vistas públicas.

5. El 13 de marzo de 2010, se comunicó a la ciudadanía mediante la publicación del Aviso Público sobre la Notificación de Aprobación por la Legislatura Municipal, la Junta de Planificación y la firma del Gobernador de la Revisión Integral del

Plan Territorial, de la aprobación del Plan de Ordenamiento Territorial.

6. La afectación por el cambio de zonificación de los terrenos de la parte demandada comenzó el 13 de marzo de 2010.

El Tribunal de Primera Instancia puntualizó que, el cambio de zonificación de los terrenos de la parte apelante comenzó el 13 de marzo de 2010. Razonó que, tal periodo de ocho (8) años de afectación permitido por ley concluyó el 12 de marzo de 2018, y que, la causa de acción por daños y perjuicios que alegadamente fueron causados por la afectación, prescribió el 12 de marzo de 2019. Concluyó que, en vista de que la *Demanda* fue presentada el 6 de marzo de 2024, cuando ya el término había vencido, la acción estaba prescrita. En su análisis, el foro de primera instancia añadió que, las comunicaciones enviadas por la parte apelante no tuvieron efecto interruptor en el periodo prescriptivo, ya que fueron llevadas a cabo fuera del plazo del término prescriptivo.

Inconforme, la parte apelante acudió ante este Tribunal, y esgrimió los siguientes señalamientos de error.

- Erró el Tribunal de Primera Instancia al computar el término prescriptivo para ejercitar la causa de acción a partir del 13 de marzo de 2010 y no desde el 20 de diciembre de 2012, fecha en que la Junta de Planificación aprobó el Mapa de Calificación de Suelos del Municipio de Bayamón.

- Erró el Tribunal de Primera Instancia al desestimar la reclamación contra el Municipio de Bayamón y determinar que la misma estaba prescrita, sin considerar que el término fue interrumpido por el Apelante en múltiples ocasiones y de que el propio Municipio de Bayamón interrumpió el término al reconocer su acreencia.

- Erró el Tribunal de Primera Instancia al desestimar el pleito antes de que se pudiera iniciar el descubrimiento de prueba, privando a los Apelantes de su día en corte y de su derecho constitucional a no ser privado de su propiedad sin la justa compensación por parte del Municipio de Bayamón.

Mediante *Resolución* emitida el 18 de noviembre de 2024, le ordenamos a la parte apelante acreditar en o antes del viernes 22 de

noviembre de 2024, haber notificado copia del recurso de epígrafe a la parte apelada, de conformidad con la Regla 13 (B) del Reglamento de este Tribunal, y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones. Le apercibimos que, el incumplimiento con lo ordenado, daría lugar a la desestimación del recurso. De igual manera, le concedimos a la parte apelada hasta el jueves 12 de diciembre de 2024, para exponer su posición en cuanto al recurso de epígrafe.

El 22 de noviembre de 2024, la parte apelada presentó la *Moción en Cumplimiento de Orden.* Por medio de la anterior, sostuvo que, había presentado a través de SUMAC la notificación al Tribunal de Primera Instancia, junto con la primera página de la apelación con el sello de recibido del Tribunal de Apelaciones. Asimismo, expresó que notificó mediante correo electrónico y correo certificado copia del recurso a la Lcda. Karen K. Morales Pérez, representante legal de la parte apelada a las direcciones que obran en el expediente. A tales efectos, nos solicitó que se diera por cumplido lo ordenado mediante la *Resolución* del 18 de noviembre de 2024.

El 3 de diciembre de 2024, emitimos *Resolución* donde declaramos No Ha Lugar la *Moción en Cumplimiento de Orden.* Resolvimos que, no se acreditó la notificación conforme lo ordenado, y le concedimos el término perentorio hasta el viernes 6 de diciembre de 2024, para acreditar la notificación del recurso, so pena de desestimación.

El 6 de octubre de 2024, la parte apelante presentó la *Moción en Cumplimiento de Orden.*

Así las cosas, el 12 de diciembre de 2024, el Municipio presentó *Alegato en Oposición a Apelación.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[2].

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa

---

[2] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

ni limitación alguna".  Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho".  (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

### B. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique la concesión de un remedio, y 6)  dejar de acumular una parte indispensable. *Inmobiliaria Baleares, LLC v. Benabe González,* 2024 TSPR 112 (2024); *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93 (2024); *Costas Elena y Otros v. Magic Sports y Otros*, 2024 TSPR 13, 213 DPR ___ (2024); *Cobra Acquisitions, LLC v. Mun. de Yabucoa et al*, 210 DRP 384 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013).  La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022).

Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que, al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Inmobiliaria Baleares, LLC v. Benabe González*, supra; *Blassino Alvarado v. Reyes Blassino*, supra; *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, supra, pág. 396; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *Rivera Sanfeliz v.*

*Jta. Dir. FirstBank*, supra, pág. 49; *Cruz Pérez v. Roldán Rodríguez*, 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA*, supra, pág. 1049. Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, supra, pág. 396; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *Cruz Pérez v. Roldán Rodríguez*, supra, págs. 267-268; *Rivera Sanfeliz v. Jta. Dir. FirstBank*, supra, pág. 49; *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013*); López García v. López García*, 199 DPR 50, 69-70 (2018). Bajo este criterio, procederá la desestimación de la demanda si aun interpretando la reclamación de forma liberal, no hay remedio alguno disponible en el estado de Derecho. *Blassino Alvarado v. Reyes Blassino*, supra.

### C. La prescripción extintiva

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Econo*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Rivera v. Foot Locker Retail Inc.*, 182 DPR 824, 831 (2011). "[E]l propósito de la prescripción es fomentar el pronto reclamo de los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas". *Umpierre Biascoechea v. Banco Popular*, 170 DPR 205, 212-213 (2007)[3]. La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho

---

[3] Véase, *Sentencia* (Rodríguez Rodríguez, opinión de conformidad).

lo reclame, da lugar a una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Íd.*, pág. 374.

En lo pertinente a la controversia de marras, las obligaciones por responsabilidad civil extracontractual están establecidas por nuestro Código Civil.[4] El Artículo 1802 del Código Civil de Puerto Rico de 1930 establecía que: "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado". 31 LPRA sec. 5141. El término prescriptivo de estas acciones es de un (1) año, según dispuesto en el Artículo 1868 del mismo cuerpo legal. 31 LPRA sec. 5298. La brevedad de este plazo responde a la inexistencia de una relación jurídica previa entre el demandante y el demandado. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, pág. 374; *Culebra Enterprises Corp. v. ELA*, 127 DPR 943, 951-952 (1991).

Sobre el momento en que comienza a decursar el término prescriptivo para ejercer una acción por responsabilidad extracontractual, la teoría cognoscitiva del daño establece que el mismo comienza a transcurrir cuando el reclamante conoció, o debió conocer que sufrió un daño, quién se lo causó y los elementos necesarios para poder ejercitar efectivamente su causa de acción. *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425-426 (2011); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010). Reiteradamente, nuestro Tribunal Supremo ha expresado

---

[4] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, los hechos que dan base a esta tuvieron su lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

que, si el desconocimiento se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, pág. 373; *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 411 (2000); *Vega v. J. Pérez & Cía., Inc.*, 135 DPR 746 (1994).

El ordenamiento jurídico vigente permite la interrupción de los términos prescriptivos. A esos efectos, el Código Civil dispone que, "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". 31 LPRA sec. 5303. Una vez el término queda interrumpido, comienza a computarse nuevamente desde el momento en que se produce el acto interruptor. *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 568 (2001).

### D. Ley Núm. 46 de 26 de junio de 1987

La *afectación* es definida por la Ley Núm. 46 de 26 de junio de 1987, conocida como la *Ley para la Afectación de Terrenos para Fines Públicos*, como sigue:

> [S]ignifica la denegación de todo uso productivo en una propiedad debido exclusivamente a que por la misma se ha propuesto trazar una vía de transportación pública conforme a un plan de transportación o plan vial adoptado por la Junta de Planificación, o porque los terrenos han sido destinados para uso público en un mapa de zonificación o plan de uso de terreno, o porque la Junta de Planificación ha aprobado el desarrollo de un proyecto público sobre dichos terrenos o propiedad.[5]

Por otro lado, el Art. 3 del aludido estatuto dispone ciertos criterios que se tomarán en consideración para determinar la afectación de propiedades, estos son:

> (a) La reserva de los terrenos no rinde beneficio alguno a los dueños de los terrenos.
>
> (b) La denegación de todo uso productivo, conforme a la definición de afectación que establece esta ley, en un área mayor al veinte por ciento (20%) del

---

[5] Art. 2, inciso 1 de la Ley Núm. 46-1987, *supra*.

predio de un terreno tomando en consideración la cabida total del predio original.

(c) La afectación de la propiedad representa limitaciones adicionales para el desarrollo del resto del predio original.

(d) Las característica intrínsecas de los terrenos, tales como condición de inundabilidad, topografía, alta productividad agrícola, capacidad de la infraestructura y zonificación de los mismos, permita el uso o desarrollo propuesto.

(e) La naturaleza de la mejora pública que requiere la paralización del uso de terrenos.

(f) La prioridad de la misma en el programa de mejoras públicas.

Respecto al término máximo de afectación de terrenos, el Art. 4 de la Ley Núm. 46-1987, *supra*, "[e]stablece un término de ocho (8) años contados a partir de la fecha de afectación, como el periodo durante el cual cualesquiera terrenos de propiedad privada pueden estar afectados como consecuencia de estar reservados para fines o uso público". Asimismo, expone que dicho término comenzará a contar desde la fecha en que se deniegue todo uso productivo de unos terrenos. De igual forma, en *Culebra Enterprises Corp. v. ELA*, supra, pág. 954, el Tribunal Supremo de Puerto Rico reconoció que, el término prescriptivo en casos de afectación de terreno, es de un (1) año, y este, como norma general, comienza a decursar a partir de que se libera la propiedad de las restricciones o después de completado el octavo (8) año de reserva.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, el Tribunal de Primera Instancia incidió al computar el término prescriptivo para ejercitar la causa de acción a partir del 13 de marzo de 2010, y no desde el 20 de diciembre de 2012, fecha en la

que fue aprobado el mapa de Calificación de Suelos del Municipio de Bayamón, por la Junta de Planificación.

Como segundo señalamiento de error, la parte apelante arguye que, el foro de primera instancia erró al desestimar la *Demanda* en contra del Municipio, y determinar que estaba prescrita sin tomar en consideración que el término para presentarla fue interrumpido por la parte apelante y que, el propio Municipio interrumpió el término al reconocer su acreencia.

Por encontrarse intrínsecamente relacionados, discutiremos los señalamientos de error esbozados de forma conjunta.

Adelantamos que, no le asiste la razón. Veamos.

Según reseñáramos, la propiedad de la parte apelante originalmente tenía una zonificación de R-1 (residencial urbano). Posteriormente, ante la aprobación del Plan de Ordenamiento Territorial, la zonificación fue cambiada por el Municipio de R-1 a DT-P (uso público). De acuerdo al expediente, el Plan de Ordenamiento Territorial fue aprobado el 5 de marzo de 2010, y el 13 de marzo de 2010 fue la fecha en la que se le notificó a la ciudadanía su aprobación. La parte apelante presentó su *Demanda* el 6 de marzo de 2024, donde reclamó compensación por alegados daños y perjuicios causados por la afectación del terreno, por motivo de que entendía que tal cambio había constituido una expropiación, en la medida en que no pudo utilizar su propiedad ni venderla debido a que estaba destinada para uso público. Más adelante, el Municipio presentó una *Moción de Desestimación* donde argumentó que, la *Demanda* había sido presentada fuera del término prescriptivo de un año desde que había terminado el periodo de ocho (8) años de afectación de los terrenos dispuesto por ley, y que por ello, procedía su desestimación.

Conforme al derecho expuesto, el Art. 4 de la Ley Núm. 46-1987, *supra,* "establece un término de ocho (8) años *contados a*

*partir de la fecha de afectación,* como el periodo durante el cual cualesquiera terrenos de propiedad privada pueden estar afectados como consecuencia de estar reservados para fines o uso público". Este término comenzará a contar dese la fecha en que se deniegue todo uso productivo de unos terrenos.

En el caso de epígrafe, la *fecha de afectación del terreno* en controversia fue el **13 de marzo de 2010**, fecha en que se notificó la aprobación del Plan de Ordenamiento Territorial que modificó su zonificación. Debido a que en dicha fecha se notificó a la ciudadanía el cambio de zonificación, es la fecha que se debe tomar como punto de partida para computar el término de ocho (8) años dispuesto por la Ley Núm. 46-1987, *supra.* No surge de la precitada ley que, dicho periodo debe comenzar desde que la Junta de Planificación apruebe el Mapa de Calificación de Suelos como sugiere la parte apelante.

Cónsono con lo anterior, el periodo de ocho (8) años de afectación concluyó el 12 de marzo de 2018. En sintonía con lo resuelto por nuestro Máximo Foro, la parte que pretenda instar una reclamación en los casos de afectación de terreno, tendrá disponible un término prescriptivo de un (1) año que comienza a decursar a partir de que se libera la propiedad de las restricciones o después de completado el octavo (8) año de reserva.[6] En el caso ante nuestra consideración, la parte apelante contaba hasta el 12 de marzo de 2019 para presentar su causa de acción en contra del Municipio. Sin embargo, la parte apelante presentó la *Demanda* el 6 de marzo de 2024, es decir, casi cinco (5) años luego de vencido dicho término. Si bien es cierto que, la parte apelante cursó varias misivas al Municipio, donde le reclamó respecto a la alegada deuda del Municipio hacia la parte apelante por el cambio de zonificación y la expropiación, estas misivas fueron remitidas fuera del término

---

[6] *Culebra Enterprises Corp. v. ELA,* supra, pág. 954.

prescriptivo dispuesto por nuestro ordenamiento jurídico, siendo la primera presentada el 1 de noviembre de 2021. Por tanto, dichas misivas no tuvieron efecto interruptor en el término prescriptivo, en la medida en que fueron presentadas cuando ya la acción se encontraba prescrita.

Como tercer señalamiento de error, la parte apelante sostiene que, el foro *a quo* incidió al desestimar el pleito previo a que se pudiera iniciar el descubrimiento de prueba, y que, tal acción le privó de su día en corte y de su derecho constitucional a no ser privado de su propiedad sin la justa compensación por parte del Municipio.

Adelantamos que, no le asiste la razón. Veamos.

Según ya explicáramos, la parte apelante presentó la *Demanda* el 6 de marzo de 2024. En respuesta, el Municipio presentó la *Moción de Desestimación*, donde argumentó que procedía la desestimación de la demanda debido a que la causa de acción esta estaba prescrita. Finalmente, el foro primario desestimó la *Demanda* al amparo de la Regla 10.2 de Procedimiento Civil, por prescripción.

La Regla 10.2 de Procedimiento Civil, *supra*, faculta a la parte contra la cual se presente una alegación en su contra presentar una moción de desestimación por dejar de exponer una reclamación que justifique la concesión de un remedio, entre otros fundamentos.[7] Esta moción puede ser presentada *previo* a contestar la demanda en su contra, cuando esta sea debidamente fundamentada.[8] Los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda, y, a su vez, considerarlos de la forma

---

[7] 2 LPRA Ap. V, R. 10.2; *Inmobiliaria Baleares, LLC v. Benabe González*, supra; *Blassino Alvarado v. Reyes Blassino*, supra.
[8] *Conde Cruz v. Resto Rodríguez*, supra, pág. 1065; *Casillas Carrasquillo v. ELA*, supra, pág. 247.

más favorable a la parte demandante.[9] Para que proceda una desestimación, será necesario que se demuestre de forma certera en la moción de desestimación, que, la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiera ser privado en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor.[10]

En el caso de epígrafe, aun interpretando la reclamación presentada por la parte apelante de forma liberal, queda plasmado que, no hay remedio alguno disponible en el estado de Derecho vigente.[11] La *Demanda* estaba prescrita, por lo que, no había espacio para atender la reclamación y brindarle a la parte apelante el remedio solicitado. Debido a que la demanda fue presentada fuera del término prescrito de un (1) año luego de que culminara el periodo de afectación de ocho (8) años, únicamente procedía su desestimación sin más, tal como resolvió la primera instancia judicial.

A tales efectos, el error señalado no fue cometido por el Tribunal de Primera Instancia.

**IV**

Por los fundamentos que anteceden, se confirma la decisión apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] *Inmobiliaria Baleares, LLC v. Benabe González*, supra; *Blassino Alvarado v. Reyes Blassino*, supra; *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, supra, pág. 396.

[10] *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, supra, pág. 396; *Casillas Carrasquillo v. ELA*, supra, pág. 247.

[11] Véase: *Blassino Alvarado v. Reyes Blassino*, supra.